Jason E Anderson
Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198
206-849-8549

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

|  |  |
|---|---|
| KERRY CAVELTI, an individual,<br><br>                         Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW, Director,<br><br>U.S. Citizenship and Immigration<br><br>Services;<br><br>MARKWAYNE MULLIN, Secretary,<br><br>Department of Homeland Security;<br><br>TODD BLANCHE, Acting Attorney General<br><br>of the United States,<br><br>                         Defendants. | Case No:<br><br><br>**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-1

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

# I. PRELIMINARY STATEMENT

Plaintiff Kerry Cavelti brings this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to compel Defendants to meaningfully adjudicate — including through the issuance of a Notice of Intent to Deny ("NOID") that affords a full and fair opportunity to submit newly discovered exculpatory evidence — his Form I-130, Petition for Alien Relative, Receipt Number IOE9126096303, which has been pending without any agency action since September 5, 2023.

This case presents an unusual and compelling circumstance. USCIS previously denied an earlier I-130 petition (Receipt No. SRC1490129619) on May 28, 2020, finding that the beneficiary, Naomi Eun Cavelti, was barred under INA § 204(c) based substantially on a sworn 2011 statement by the beneficiary's former husband, Kenneth Opie Perdue, in which Mr. Perdue alleged the marriage was a sham arranged for immigration purposes. The prior petition was denied in part because the adjudicating officer had no opportunity to consider a 2014 notarized declaration in which Mr. Perdue unequivocally recanted his prior testimony, admitted

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-2

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

that he had lied to USCIS, and confirmed that his false statements were motivated by a desire to reunite with a former girlfriend — not by any truth about Naomi's conduct.

The current I-130 petition (IOE9126096303), filed September 5, 2023, was submitted with the Perdue recantation and other newly assembled evidence. Yet USCIS has taken no action whatsoever in over two and a half years — no NOID, no Request for Evidence, no interview, no decision. This total inaction is itself unreasonable and unlawful. But more fundamentally, Plaintiff seeks to ensure that when USCIS does act, it does so through a legally adequate process: one that includes a NOID allowing Plaintiff to formally respond to any continued reliance on the now-recanted Perdue statement, rather than a cursory denial that ignores the exculpatory record.

Plaintiff respectfully requests that this Court issue a writ of mandamus compelling Defendants to adjudicate Form I-130, Receipt No. IOE9126096303 through a constitutionally and procedurally adequate process — including issuance of a NOID if USCIS intends to rely on derogatory information — within sixty (60) days of this Court's Order.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), and 5 U.S.C. §§ 555(b) and 706(1) (APA). The APA waives sovereign immunity for claims seeking relief other than money damages against agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §§ 702, 706(1).

2. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1). Plaintiff resides in Tacoma, Washington, within this District, and a substantial part of the events and omissions giving rise to this action occurred here.

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-3

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

### III. PARTIES

3.  Plaintiff Kerry Cavelti is a United States citizen residing in Tacoma, Washington. He is the petitioner of Form I-130, Receipt No. IOE9126096303, filed on behalf of his spouse, Naomi Eun Cavelti.

4.  Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services, the agency responsible for adjudicating Form I-130 petitions. Director Edlow was confirmed by the United States Senate on July 15, 2025. He is sued in his official capacity.

5.  Defendant Markwayne Mullin is the Secretary of the Department of Homeland Security, confirmed by the United States Senate on March 23, 2026, and sworn in on March 24, 2026. He is sued in his official capacity.

6.  Defendant Todd Blanche is the Acting Attorney General of the United States. He is sued in his official capacity.

### IV. STATEMENT OF FACTS

#### A.  Background of Plaintiff and Beneficiary

7.  Plaintiff Kerry Cavelti is a United States citizen who has been married to Naomi Eun Cavelti since April 19, 2012 — a genuine, bona fide marriage of over twelve years. The couple operates a business together, maintains a shared household, and files joint tax returns. Kerry relies on Naomi for daily emotional support and the operation of their family business in Grays Harbor County, Washington.

8.  Beneficiary Naomi Eun Cavelti (A# 203-272-424, also known as Kumsun Eun, Naomi Eun, and Naomi Perdue) is a national of the Republic of Korea who has resided continuously in

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-4

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

Washington State since 2010 — over fifteen years. She has no criminal history. Her name was legally changed from Naomi Eun Perdue to Naomi Eun Cavelti by Order of the Pierce County District Court, Case No. 4A812471C, entered January 9, 2024.

9. Naomi entered the United States on September 26, 2010, under the Visa Waiver Program. She is subject to a 2014 administrative removal order under INA § 217. The NTA proceedings commenced in August 2011 were terminated by an Immigration Judge on September 25, 2013.

**B.  The Prior Allegation of Fraudulent Marriage to Kenneth Perdue and the False USCIS Statement**

10. In December 2010, within days of her authorized stay expiring, Naomi married Kenneth Opie Perdue. On December 26, 2010, Mr. Perdue filed a Form I-130 on her behalf. At a USCIS interview on March 16, 2011, Mr. Perdue gave a sworn statement in which he stated that he had never resided with Naomi, had never been intimate with her, had never had a "husband and wife" relationship with her, and had signed the I-130 only to help out her sister. Mr. Perdue withdrew his petition at the interview.

11. On the basis of this sworn statement and related circumstantial evidence, USCIS concluded that Naomi had entered into a fraudulent marriage with Mr. Perdue for immigration purposes, triggering the lifetime bar of INA § 204(c). This finding became the dispositive basis for denial of all subsequent I-130 petitions filed on her behalf.

**C.  Kenneth Perdue's Recantation**

12. On February 17, 2014, Kenneth Opie Perdue executed a notarized Declaration in Pierce County, Washington, in which he unequivocally recanted his 2011 USCIS testimony. In this Declaration, Mr. Perdue admitted that he had lied to USCIS at the March 2011 interview.

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-5

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

Specifically, Mr. Perdue stated that his marriage to Naomi was real and consummated, that he had been in love with her, and that he had deliberately sabotaged her immigration case at the interview because his ex-girlfriend had approached him and convinced him to return to her by ending his marriage to Naomi.

13.   Mr. Perdue further admitted in his Declaration that he told USCIS he had not consummated the marriage — which was false — and that he made harmful and false statements at the immigration hearing. He stated: "I was in love with Naomi and our marriage was real but short because of my bad choices. I divorced Naomi for the chance to be with my daughter and girlfriend, that is why I did and said harmful and false statements at the immigration hearing."

14.   The Perdue Declaration is notarized, executed under penalty of perjury, and corroborated by the internal consistency of his admissions. It constitutes direct exculpatory evidence that negates the factual foundation upon which the INA § 204(c) bar has been applied to Naomi.

**D.  The Prior I-130 (SRC1490129619) and Its Denial**

15.   On January 27, 2014, Plaintiff Kerry Cavelti filed a Form I-130 on behalf of Naomi (Receipt No. SRC1490129619). On April 6, 2016, USCIS issued a Notice of Intent to Deny ("NOID") citing the INA § 204(c) bar and deficiencies in bona fides evidence. Plaintiff responded timely on May 9, 2016, submitting extensive evidence of the genuine Kerry-Naomi marriage, including tax records, vehicle titles, bank statements, insurance policies, phone records, text messages, and affidavits.

16.   Despite the extensive evidence of a bona fide marriage, USCIS denied the petition on May 28, 2020 (the "2020 Denial"). USCIS found that Plaintiff and Naomi were in a genuine

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-6

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

marriage but nevertheless denied the petition solely on INA § 204(c) grounds, concluding that the record contained substantial and probative evidence of the prior fraudulent marriage to Mr. Perdue.

17. The 2020 Denial was based substantially on Mr. Perdue's 2011 sworn statement. However, at the time the prior petition was pending, the Perdue recantation declaration — executed in 2014 — was not formally made part of the administrative record for that petition. USCIS adjudicated and denied the prior I-130 without the benefit of the recantation, and without issuing a second NOID or otherwise affording Plaintiff an opportunity to present the recantation in response to continued reliance on the Perdue statement.

### E.  The Current I-130 (IOE9126096303) and USCIS's Total Inaction

18. On September 5, 2023, Plaintiff filed the current Form I-130 (Receipt No. IOE9126096303). This petition was filed with the Perdue recantation declaration as a central exhibit, along with updated evidence of the ongoing Kerry-Naomi marriage, which has now continued for over twelve years.

19. As of the filing of this Petition — over two and a half years after submission — USCIS has taken no action whatsoever. The online case status reflects only: "Case Is Still Being Processed By USCIS," with the processing date remaining September 5, 2023. Plaintiff has received no NOID, no Request for Evidence, no interview notice, no acknowledgment of the recantation, and no explanation for the delay.

20. USCIS's published processing time targets for Form I-130 petitions are substantially shorter than two and a half years. The agency's complete inaction on this petition is unreasonable and unlawful.

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-7

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

### F. The Risk of Inadequate Process on Adjudication

21. Plaintiff and counsel are mindful that compelling USCIS to adjudicate within an arbitrary short deadline may result in a cursory denial that simply recycles the 2020 Denial's 204(c) finding without meaningful engagement with the Perdue recantation. Under 8 C.F.R. § 103.2(b)(16)(i), before USCIS may rely on derogatory information in denying a benefit, it must disclose the information to the applicant and afford an opportunity to respond. Where, as here, the agency is contemplating reliance on derogatory evidence — specifically, the Perdue 2011 sworn statement — the NOID process is not merely a procedural courtesy but a regulatory requirement.

22. Plaintiff therefore requests not merely that USCIS issue a decision, but that USCIS be required to adjudicate through a lawful process: one that includes, if USCIS intends to continue relying on the Perdue sworn statement or any other derogatory information, a NOID that specifically acknowledges the existence of the Perdue recantation and affords Plaintiff a full and fair opportunity to respond. A mandamus order that requires only "adjudication" without requiring a lawful process would deprive Plaintiff of the only real benefit of this litigation.

### V. LEGAL STANDARDS

23. The Mandamus Act grants federal district courts jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is appropriate where: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear, non-discretionary duty to act; and (3) no other adequate remedy is available. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-8

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

24.  The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Agencies must "proceed to conclude a matter presented to [them]" within "a reasonable time." 5 U.S.C. § 555(b). The duty to adjudicate a properly filed visa petition is non-discretionary, even where the ultimate disposition involves discretion. Singh v. Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007).

25.  Courts evaluate agency delay under the TRAC factors, which examine: (1) the time taken; (2) reasonableness given the statutory scheme; (3) consequences of the delay; (4) effect of expediting on other agency activities; (5) the nature of interests prejudiced; and (6) the propriety of agency conduct. Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001).

26.  Separately, 8 C.F.R. § 103.2(b)(16)(i) requires that before USCIS denies a benefit based on derogatory information, it must notify the applicant of the information and give the applicant an opportunity to rebut it. This is a mandatory procedural requirement, not a discretionary step. Where USCIS intends to rely on derogatory information from a prior proceeding — including a prior sworn statement that has since been recanted — it must issue a NOID identifying that information and allow response. Failure to do so renders any resulting denial procedurally defective.

27.  Courts have recognized that mandamus may lie not only to compel agency action, but to ensure that such action conforms to applicable procedural requirements. A court's authority to "compel agency action" necessarily encompasses compelling the agency to follow its own mandatory procedures in taking that action. See Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 65 (2004); Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997).

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-9

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

# VI. CAUSES OF ACTION

## COUNT I – WRIT OF MANDAMUS (28 U.S.C. § 1361)

28.  Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

29.  Plaintiff has a clear right to have his properly filed I-130 petition adjudicated within a reasonable time through a lawful process. Defendants have a clear, non-discretionary duty to: (a) adjudicate the petition within a reasonable time; and (b) in doing so, comply with the procedural requirements of 8 C.F.R. § 103.2(b)(16)(i), including issuing a NOID before relying on any derogatory information. No other adequate remedy at law exists.

30.  Over thirty months have elapsed without any action. This constitutes an unlawful failure to perform a duty owed to Plaintiff. The Court should issue a writ of mandamus directing Defendants to (a) adjudicate the petition within sixty (60) days, and (b) if Defendants intend to rely on any derogatory information — including the recanted Perdue 2011 statement — first issue a NOID specifically identifying such information and affording Plaintiff thirty (30) days to respond.

## COUNT II – UNREASONABLE AGENCY DELAY UNDER THE APA (5 U.S.C. §§ 555(b), 706(1))

31.  Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

32.  Defendants' failure to adjudicate the I-130 petition for over thirty months constitutes agency action unlawfully withheld and unreasonably delayed under 5 U.S.C. § 706(1). The TRAC factors weigh decisively in Plaintiff's favor. The delay far exceeds any reasonable processing target. The interests prejudiced are profound: family separation, ongoing removal risk, and the suppression of exculpatory evidence that directly undermines the only legal basis

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-10

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

for prior denial. There is no competing agency interest that justifies two-and-a-half years of total inaction on a complete petition.

### COUNT III – FAILURE TO FOLLOW MANDATORY PROCEDURAL REGULATIONS (5 U.S.C. § 706(2)(D))

33. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

34. If and when Defendants adjudicate the petition, they are legally required by 8 C.F.R. § 103.2(b)(16)(i) to disclose any derogatory information they intend to rely upon and afford Plaintiff a meaningful opportunity to respond. Given the existence of the Perdue recantation — which directly negates the factual predicate for any 204(c) finding — any adjudication that relies on the prior Perdue statement without issuing a NOID and considering the recantation would constitute agency action "without observance of procedure required by law" in violation of 5 U.S.C. § 706(2)(D).

35. Plaintiff requests that this Court order Defendants to comply fully with 8 C.F.R. § 103.2(b)(16)(i) in adjudicating this petition, and to provide Plaintiff an opportunity to respond to any derogatory information, including any continued reliance on the recanted Perdue sworn statement.

### COUNT IV – DECLARATORY JUDGMENT (28 U.S.C. §§ 2201–2202)

36. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

37. An actual, justiciable controversy exists between the parties. Plaintiff is entitled to a declaratory judgment that: (a) Defendants have unreasonably delayed adjudication of Form I-130, Receipt No. IOE9126096303; (b) Defendants are required to adjudicate the petition through a lawful process including compliance with 8 C.F.R. § 103.2(b)(16)(i); and (c) any

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-11

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

adjudication that relies on the recanted Perdue sworn statement without issuing a NOID and affording Plaintiff an opportunity to submit and respond to the recantation would constitute action without observance of procedure required by law.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kerry Cavelti respectfully requests that this Court:

A.  Issue a Writ of Mandamus directing Defendants to take meaningful adjudicative action on Form I-130, Petition for Alien Relative, Receipt No. IOE9126096303, within sixty (60) days of this Court's Order;

B.  Order that, as part of any such adjudication, if Defendants intend to rely upon any derogatory information — including but not limited to Mr. Kenneth Perdue's March 2011 sworn statement — Defendants must first issue a Notice of Intent to Deny specifically identifying such derogatory information, and afford Plaintiff thirty (30) days to respond, in compliance with 8 C.F.R. § 103.2(b)(16)(i);

C.  Order that any adjudication of the petition must meaningfully consider the February 17, 2014 notarized Declaration of Kenneth Opie Perdue, in which Mr. Perdue recanted his prior USCIS testimony, as part of the administrative record;

D.  Declare that Defendants' failure to adjudicate the petition within a reasonable time constitutes agency action unlawfully withheld and unreasonably delayed in violation of the APA, 5 U.S.C. §§ 555(b) and 706(1);

E.  Declare that any adjudication of the instant petition that relies on derogatory information without first issuing a NOID and providing Plaintiff an opportunity to respond constitutes agency action without observance of procedure required by law under 5 U.S.C. § 706(2)(D);

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-12

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

F.  Award Plaintiff his reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**EMERALD CITY LAW FIRM PC**

/s/ Jason E. Anderson
**Jason E. Anderson, Esq.**
WSBA No. 32232
Emerald City Law Firm PC
20935 6th Ave S
Des Moines, WA 98198
Phone: (206) 849-8549
Fax: (206) 260-1316
Email: jason@jasonandersonlaw.com

Attorney for Plaintiff Kerry Cavelti

Dated: April 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and served all counsel of record by the methods indicated below:

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-13

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198

United States Attorney's Office, Western District of Washington (via CM/ECF upon appearance)

U.S. Department of Homeland Security, Office of the General Counsel (via CM/ECF upon appearance)

U.S. Department of Justice, Office of Immigration Litigation (via CM/ECF upon appearance)

/s/ Jason E. Anderson

**Jason E. Anderson, Esq.**

Dated: April 21, 2026

PETITION FOR WRIT OF MANDAMUS AND
 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
-14

Emerald City Law Firm PC
20935 S 6th Ave
Des Moines, WA 98198